CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
01/11/2018
JULIA C. DUDLEY, CLERK
BY: s/ F. COLEMAN
  DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| REDMOND J. HOWARD, | CASE NO. 6:18-cv-00004 |
| *Plaintiff,* | |
| v. | MEMORANDUM OPINION |
| THEODORE GRESHAM WHITNEY, | |
| *Defendant.* | JUDGE NORMAN K. MOON |

This matter is before the Court on Plaintiff Redmond Howard's ("Plaintiff") *pro se* Complaint and Motion for Leave to Proceed *In Forma Paupris*. (Dkt. 1, 2). In his complaint, Plaintiff seeks equitable relief for an alleged violation under 42 U.S.C. § 1983. For the reasons stated herein, I hereby grant Plaintiff's motion and dismiss the complaint pursuant to 28 U.S.C. § 1915 for failure to state a claim upon which relief may be granted.

## I. LEGAL STANDARD

Under 28 U.S.C. § 1915, district courts must screen initial filings and dismiss a complaint filed *in forma pauperis* "at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious . . . [or] fails to state a claim on which relief may be granted. . . ." 28 U.S.C. § 1915(e)(2)(B)(i)-(ii); *see also Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006) (noting that § 1915 permits "district courts to independently assess the merits of *in forma pauperis* complaints, and 'to exclude suits that have no arguable basis in law or fact.' ") (quoting *Nasim v. Warden, Md. House of Correction*, 64 F.3d 951, 954 (4th Cir. 1995)).

## II. DISCUSSION

Plaintiff alleges in his Complaint that Defendant Theodore Whitney, Director of Liberty University Commuter and Graduate Student Life slandered him, depriving him of "his rights/privileges at commuter student life due to false testimony," in violation of 42 U.S.C. § 1983. (Compl. ¶ 6). Section 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law

42 U.S.C. § 1983. "In cases under section 1983, 'under color' of law has consistently been treated as the same thing as the 'state action' required under the Fourteenth Amendment." *Rendell–Baker v. Kohn,* 457 U.S. 830, 838 (1982). The alleged conduct by Defendant Whitney is not state action under § 1983.

Moreover, the private action by Defendant Whitney cannot be considered state-action, "under color of law," within the purview of § 1983. A private actor can be considered a state-actor for purposes of § 1983 in only four instances: (1) when coerced by the state; (2) when the state has delegated a duty to the private actor; (3) when the private actor is engaged in a traditional and exclusively public function; or (4) when the state assists the private actor by enforcing the private actor's rights. *Watts-Means v. Prince George's Family Crisis Ctr.*, 7 F.3d 40, 43 (4th Cir. 1993). Defendant does not satisfy any of the exceptions enumerated above. Defendant is, thus, not a state-actor and Plaintiff has failed to plead a cause of action under § 1983. Therefore, Plaintiff has failed to state a claim on which relief can be granted and the action will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### III. CONCLUSION

For these reasons, the motion to proceed *in forma pauperis* will be granted, and the Clerk of the Court will be directed to file Plaintiff's complaint, which will be dismissed without prejudice. An appropriate order will follow

Entered this 11th day of January, 2018.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE